**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LINDSAY GOLF GROUP LTD.,** | ) | |
| **CAROL KRONEN and** | ) | **2:24-cv-781** |
| **WILLIAM KRONEN** | ) | |
| **ALEXANDER H. LINDSAY, JR.** | ) | |
| **and PATRICIA W. LINDSAY,** | ) | |
| **JOHN LINDSAY and** | ) | |
| **ERICA LINDSAY,** | ) | |
| **JAMES LINDSAY and** | ) | **Electronically Filed** |
| **MARY LINDSAY,** | ) | |
| **CHARLES LINDSAY,** | ) | |
| **ANDREW LINDSAY and** | ) | |
| **LISA LINDSAY,** | ) | |
| **THOMAS LINDSAY and** | ) | |
| **BETH LINDSAY AND** | ) | |
| **BETTY G. LINDSAY OIL AND** | ) | |
| **GAS TRUST** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **XTO ENERGY, INC.** | ) | |
| | ) | |
| **Defendant** | ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

AND NOW comes Plaintiffs by and through their attorneys, THE LINDSAY LAW FIRM, P.C., Alexander H. Lindsay, Jr., Esquire, and files the following Reply Brief in Support of its Cross-Motion for Summary Judgment.

## I. INTRODUCTION

This Court's Order of September 5, 2025 indicated that the Plaintiffs' Cross Motion and combined brief in support and in opposition to Defendant's motion should be

submitted no later then November 10, 2025. Plaintiffs filed their cross-motion and combined brief on November 10, 2025.

Pursuant to the Court's order, the Defendant was to file a combined brief in opposition to the Plaintiffs' cross-motion and reply in further support of its motion by November 24, 2025. The Defendant filed its combined brief on November 25, 2025.

This brief is filed in further support of the Plaintiffs' Cross Motion for Summary Judgment.

## A. *SUMMARY OF PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT*

The Plaintiffs in their cross-motion suggested that there is no authority in either of the pertinent lease agreements for the Defendant XTO's action of suspension and recoupment. The two leases in question, the Penn Virginia Oil and Gas Lease and the XTO Lease, have provisions concerning the circumstances under which suspension and recoupment may occur. In each case, there are preconditions that must exist for the lessee, in this case, XTO, to take the drastic action of suspending royalty payments to the lessors, in this case the Plaintiffs (the Lindsays). Whatever the conditions existing under the lease agreements justifying suspension and recoupment are, a meter reading foul up is not one of the them.

Therefore, as the suspension of the royalties to the Plaintiffs was not authorized under the terms of the lease agreement or contract, XTO was not justified in its drastic actions and the defense of "recoupment", as styled by XTO, should be dismissed.

## B. *PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT WAS NOT A "NEWLY-MINTED" ARGUMENT*

The Plaintiffs in their cross-motion for summary judgment suggests that there is no provision in either of the two leases in question, that is the Penn Virginia Oil and Gas Lease and the XTO Lease, which would permit the drastic action taken by XTO in this case of suspension and recoupment. There is nothing new about the Plaintiffs' argument. Specifically paragraph 39 the First Amended Complaint filed by the Plaintiffs reads as follows:

> As stated, the aforementioned leases contain no clause which would permit the Defendant's unilateral withholding of royalties based on the mistake apparently made by its employees.

The two lease provisions which were cited in the Plaintiffs' lease, namely Paragraph 10 of the Penn Virginia Oil and Lease and Paragraph 4 of the XTO lease are cited as examples of when suspension of royalty payment is permitted. These provisions do not "bar" XTO from suspending and recouping royalty payments because of its meter reading foul up, they are merely illustrative of the type of the circumstances under which XTO would be permitted to take the drastic, unilateral action of suspending royalty payments. The position taken by the Plaintiffs in their motion is that a foul up in meter reading is not the type of justification that would be contemplated by the parties to the lease.

The position of the Plaintiffs that the Defendant's actions are not justified by the terms of the lease, is entirely consistent with the Plaintiffs' position throughout this litigation.

## C. *The Existence of Paragraph 10 of the Penn Virginia Oil and Gas Corporation Lease and Paragraph 4 of the XTO Lease Demonstrate that Suspension of Royalty Payments was Contemplated by the Drafters of the Leases and Specifically Provided for.*

It is clear from the language of Paragraph 10 of Penn Virginia Oil and Gas Corporation Lease and Paragraph 4 of the XTO Lease that the question of suspension of royalty payments based on certain circumstances was contemplated by the drafters of the leases. Furthermore, as originally stated, it would hardly be in the contemplation of the parties to a gas lease that if the lessee was involved in the following there could be a withholding of royalties and recoupment back to the lessor.

1. There was a misallocation of royalties based solely on the mistakes made by XTO;

2. That the lessee, in this case XTO could unilaterally, without notice, withhold royalty payments to the lessor and then take them back to cover its mistake.

While clearly the parties to the aforementioned leases would have agreed to the circumstances as set forth in the paragraphs previously cited, it is highly unlikely that any lessor of a gas lease would agree to permit the Defendant, XTO, to engage in the conduct which it is attempting to effectuate by their defense in this case.

In its original brief, XTO took the position that, while there may not be a contractual provision permitting recoupment, recoupment was permissible because it aligned with the parties' expectations under their leases and is consistent with Pennsylvania Law, industry custom and practice in the oil and gas industry. Nowhere does XTO point to any paragraph in the lease which indicates recoupment was part of the parties "express

expectations" under their leases. Furthermore, while XTO touts "industry custom and practice in the oil and gas industry", no evidence has ever been presented by XTO that suspension and recoupment in circumstances such as existed here was part of any custom and practice in the oil and gas industry or was consistent with Pennsylvania law.

## II. **CONCLUSION**

For the foregoing reasons, it is respectfully requested that XTO's Motion for Summary Judgment be denied and the Plaintiffs' Motion for Summary Judgment be granted.

Respectfully submitted:

THE LINDSAY LAW FIRM, P.C.

*/s/* Alexander H. Lindsay, Jr.

Alexander H. Lindsay, Jr., Esquire
Attorney for Plaintiffs
Pa. Supreme Court ID. No. 15088
110 East Diamond Street, Suite 301
Butler, Pennsylvania 16001
Phone: (724) 282-6600
Fax: (724) 282-2672
Email: Michele@lindsaylawfirm.com