**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LINDSAY GOLF GROUP LTD.; *et al.*, | ) | |
| | ) | |
| | ) | 2:24-CV-781 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| XTO ENERGY INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>MEMORANDUM ORDER</u>**

This is a case alleging a breach of oil and gas leases. Plaintiffs are royalty owners, who leased their mineral rights to XTO. They allege that XTO breached their leases by failing to pay them royalties. XTO argues that it did pay royalties, but actually, through a software error, overpaid royalties (*i.e.*, paid about $240,000 in royalties that should have been paid to other royalty owners). To recoup this overpayment, XTO withheld some of the future royalties to Plaintiffs until the "negative balance" was cleared. Then regular royalty payments resumed.

On review of the parties' cross-motions for summary judgment, the Court finds in favor of XTO, for two reasons.

First, Plaintiffs haven't really produced evidence of any type of breach, which is their burden. *See Tennant v. Range Res.-Appalachia*, LLC, 561 F. Supp. 3d 522, 529–30 (W.D. Pa. 2021) (Hardy, J.). The lease obligated XTO to pay Plaintiffs 18% on net proceeds of oil and gas. ECF 52-1 at 2. And that's what XTO did. There is no breach for failing to pay the $240,000, because those royalties were indisputably on volumes of gas that were not allocable to Plaintiffs. ECF 52-34 at 49:5-50:7; ECF 1-4. And there is no breach for withholding the royalties to recoup, since the leases

1

didn't require monthly royalty payments, or otherwise gave XTO the ability to simply pay at "regular" intervals.  *See generally* ECF 52-1.

Second, whether couched as a part of Plaintiffs' claim or part of XTO's affirmative defense, there is no genuine dispute of material fact that the recoupment here was appropriate.  Plaintiffs cite two lease provisions that they claim limit XTO's ability to recoup or withhold payments, but those provisions only apply to title-defect scenarios, so are inapposite.  ECF 54 at 3–5.  The leases do not limit XTO's ability to recoup for overpayments.  And recoupment is otherwise a well-accepted practice in the oil and gas industry.[1]  XTO has otherwise presented undisputed evidence over the fact of misallocation and the correctness of the recoupment amounts. *See, e.g.*, ECF 52-34 at 49:5-50:7; ECF 1-4.

For these reasons, the Court will grant XTO's motion (ECF 50) and deny Plaintiffs' motion (ECF 54).[2]  A separate judgment follows.


Date: Augusts 10, 2026                              BY THE COURT:


                                                    /s/ *J. Nicholas Ranjan*
                                                    United States District Judge

---

[1] *See, e.g.*, *Gulf Oil Corp. v. Lone Star Producing Co.*, 322 F.2d 28, 32–33 (5th Cir. 1963);  3 Kuntz, Law of Oil and Gas § 42.8 (2023) ("A lessee may recover from the lessor any overpayment of royalty that was made because of mistake of law or fact. The lessee may also recoup from current royalties any overpayments made by mistake.").

[2] Plaintiffs' motion for oral argument is also denied, as the Court finds that oral argument wouldn't be of assistance here.  ECF 55.